## HILL et ux. v. SMITH.—222 S. W. (2d) 207.

Eastern Section. February 26, 1949.

Petition for Certiorari denied by Supreme Court, June 18, 1949.

Ely & Ely, of Knoxville, for plaintiffs in error.

Frantz, McConnell & Seymour, of Knoxville, for defendant in error.

HOWARD, J. The parties will be referred to as they appeared below.

This case is before this Court on appeal from the Circuit Court of Knox County where plaintiff, M. L. Smith, obtained a judgment against the defendants, Sam Hill and Eva H. Hill, for the sum of $273.70 as property damage to plaintiff's automobile growing out of an automobile accident which occurred on the night of October 14, 1947.

Defendants insist here (1) that there was no evidence to sustain the judgment; (2) that the evidence preponderates against the judgment and in favor of defendants; and (3) that defendant, Eva H. Hill, is not liable in damages under the "family purpose doctrine" for the negligence of her son, who was driving her automobile at the time of the accident, because her husband, T. Wesley Hill, who is the head of the family, owned and maintained an automobile used for family purposes.

Evidence adduced by plaintiff shows that plaintiff's automobile at the time of the accident was being driven by plaintiff's father, F. W. Smith, in a westerly direction on the Kingston Pike, a four-lane highway fifty feet wide. F. W. Smith and his wife had been to a show in Knoxville and were returning to their home located on Kennesaw Drive, which is south of the Kingston Pike. Before reaching the intersection of Oakhurst Drive, a street running south from Kingston Pike, Smith looked into his rear view mirror to see if there were any automobiles following him and, not seeing any cars immediately behind him, he put out his left hand to indicate that he intended to make a left-hand turn into Oakhurst Drive. He then pulled over to the left center of the highway when he heard the brakes on the defendant's car and immediately thereafter the plaintiff's car was struck by defendant's

automobile, which at the time was being driven by defendant Sam Hill, the sixteen year old son of defendant, Eva H. Hill.

Sam Hill, driver of defendant's car, testified that his lights were on and that if the driver of plaintiff's car put his hand out, thereby indicating a left turn into Oakhurst Street, he never saw the signal. He said that he was driving from 35 to 38 miles per hour and that this was the first time that he had ever driven his mother's Packard automobile. He testified that he had been to the Y. M. C. A. to attend a young people's meeting, and that his mother gave him permission to drive her automobile on this occasion.

 From the positions of the automobiles involved in the collision, it is evident that the driver of defendant's car attempted to pass plaintiff's automobile south of the center of the highway and while plaintiff's car was in the intersection and in the act of turning into Oakhurst Drive. We think that if the driver of defendant's automobile had been on the proper lookout ahead, the accident could have been avoided.

The case was heard without a jury and we concur with the conclusions reached by the trial judge upon grounds stated in his memorandum opinion as follows:

"The Court is of the opinion that the proximate cause of the plaintiff's damages was the failure of defendant Sam Hill to exercise due care as he attempted to pass the automobile of the plaintiff. Plaintiff's driver was going slow, was on the inside lane on his own side of the highway, had given a signal with his arm and had started across the south side of the highway south into Oakhurst when the Hill car, driving at 35 to 40 miles an hour collided with the rear end of the Smith car. The defendant Hill was driving at an excessive rate of speed through

an intersection. He saw the other car in the passing lane and should have contemplated that such car besides going straight on could have been intended to turn. The Court finds that the driver of the plaintiff's car signaled but Hill did not see the signal.

"The accident happened at night time. There was no duty on the part of Smith to wait till a car at the rear of him passed. It was Hill's duty to wait on the Smith car under the circumstances of this case before attempting to pass the other car on his wrong side of the road. Had young Hill exercised due care the accident would not have happened.

"The plaintiff has proved repairs in the amount of $273.70. The defendant claims that the same repairs could have been made for $125.00. The better and more credible proof is the proof offered by the plaintiff. The plaintiff may have judgment for $273.70 against Mrs. Eva Hill and Sam Hill."

We think that where the mother furnishes an automobile for her minor son to drive to and from a Y.M.C.A. meeting, which the son attended for his moral and cultural benefit, that the automobile furnished under such circumstances comes within the "family purpose doctrine" and that the mother as owner would be liable in damages for the negligent acts of her son while driving said automobile. King v. Smythe, 140 Tenn. 217, 204 S. W. 296, 298, L. R. A. 1918F, 293; 5 Am. Jur., Sec. 371; 64 A. L. R. 878

In King v. Smythe, supra, our Supreme Court said:

"The law of agency is not confined to business transactions. It is true that an automobile is not a dangerous instrumentality so as to make the owner liable, as in the case of a wild animal loose on the streets; but, as a matter of practical justice to those who are injured, we cannot

close our eyes to the fact that an automobile possesses excessive weight, that it is capable of running at a rapid rate of speed, and when moving rapidly upon the streets of a populous city, it is dangerous to life and limb and must be operated with care. If an instrumentality of this kind is placed in the hands of his family by a father, for the family's pleasure, comfort, and entertainment, the dictates of natural justice should require that the owner should be responsible for its negligent operation, because only by doing so, as a general rule, can substantial justice be attained. A judgment for damages against an infant daughter or an infant son, or a son without support and without property, who is living as a member of the family, would be an empty form. The father, as owner of the automobile and as head of the family, can prescribe the conditions upon which it may be run upon the roads and streets, or he can forbid its use altogether. He must know the nature of the instrument and the probability that its negligent operation will produce injury and damage to others. We think the practical administration of justice between the parties is more the duty of the court than the preservation of some esoteric theory concerning the law of principal and agent. *If owners of automobiles are made to understand that they will be held liable for injury to person and property occasioned by their negligent operation by infants or others who are financially irresponsible, they will doubtless exercise a greater degree of care in selecting those who are permitted to go upon the public streets with such dangerous instrumentalities.*'' (Emphasis supplied.)

Judgment affirmed at defendants' costs.

McAmis and Hale, JJ., concur.