TRENTHAM et al. v. HEADRICK.—245 S. W. (2d) 632.

Eastern Section.  July 11, 1950.

Petition for Certiorari denied by Supreme Court, October 9, 1950.

R. L. Ogle, of Sevierville, for plaintiff.

O. M. Connatser, and George G. Allen, both of Sevierville, for defendants.

HOWARD, J.   Referring to the parties as they appeared in the trial court, the plaintiff, Nelle Headrick, sued in damages for personal injuries sustained when the automobile in which she was riding with her husband collided with the pickup truck owned by the defendant, James Trentham, and driven by his eighteen year old son and co-defendant, Bluford Trentham.   The accident occurred on May 10, 1948, in Sevier County, on the public highway running through Wears Valley.   The jury found in favor of plaintiff and fixed her damages at $1500.00, which was approved by the trial judge.   Upon defendants' motion for a new trial being overruled, they perfected their appeal and have assigned errors.

The declaration is in two counts.   The first count is based on common law negligence and charges that the defendant, James Trentham, was the owner of the truck which was used for all family purposes; that when the accident occurred his son, the defendant, Bluford Trentham, was driving said truck with his father's knowledge

and consent; that Bluford Trentham was the only member of the family licensed to drive said vehicle, and that he negligently and carelessly drove the truck in such a way and manner as to cause it to strike the automobile in which plaintiff was riding with her husband, causing her serious injuries.

The second count contains all of the averments of the first count and in addition thereto charges that the defendant, Bluford Trentham, was guilty of reckless driving in violation of Code Secs. 2681 and 2682, and that he was driving the truck while under the influence of an intoxicant in violation of Code Sec. 10827. To the declaration the defendants jointly filed a plea of not guilty.

The accident occurred May 10, 1948, at about 9 o'clock P. M., on the crest of a hill near Clyde Lawson's Store, on the gravel highway running through Wears Valley, in Sevier County. The highway at the point of the accident is about 15 feet wide, and the cars involved were traveling in opposite directions.

Plaintiff, who is 35 years of age, is the wife of Clarence Headrick and the mother of two small children, ages 2 and 4. At the time of the accident, plaintiff's husband was driving the car and she was riding in the back seat with the two minor children. The Headricks had been to the home of plaintiff's parents and at the time were returning to their home, traveling in a southwardly direction. Plaintiff sustained an injury to her left ankle joint and other minor injuries, and no claim is made that the judgment is excessive.

The truck involved was owned by the defendant, James Trentham, and was registered in his name. His son and co-defendant, Bluford Trentham, age 18, was driving the truck, and riding in the seat with him were 3 other boys

about his age, whom he had picked up after leaving home about 5 o'clock in the afternoon.

Insistence is made here on behalf of the defendants that the verdict is not sustained by any substantial evidence, and that the trial court erred in refusing to grant the defendants a new trial and a directed verdict.

■■ Under an unbroken line of cases, this court will not disturb a jury verdict if there is any substantial evidence to support it; and in determining whether or not there is such evidence "it must be governed by the rule, safeguarding the constitutional right of trial by jury, which requires us to take the strongest legitimate view of all the evidence to uphold the verdict, to assume the truth of all that tends to support it, to discard all to the contrary, and to allow all reasonable inferences to sustain the verdict." Johnston v. Cincinnati, N. O. & T. P. R. Co., 146 Tenn. 135, 149, 240 S. W. 429; Finchem v. Oman, 18 Tenn. App. 40, 49, 50, 72 S. W. (2d) 564, 570; D. M. Rose & Co. v. Snyder, 185 Tenn. 499, 206 S. W. (2d) 897, 901.

Plaintiff's proof shows that the Headrick car was traveling at the moderate speed of 15 miles per hour just prior to the accident, and that the highway was straight for a considerable distance ahead; that upon first seeing the headlights on the approaching truck, about a quarter of a mile away, Headrick drove his car onto the right side of the road and had completely stopped when the truck was more than 200 feet away; that after stopping his car the left wheels were two and one-half feet to the right of the center of the road; that as the truck approached at an estimated speed of from 60 to 70 miles an hour, it was pulled over on the wrong (left) side of the road and struck the Headrick car, causing plaintiff's injuries; that immediately after the accident measure-

ments were made which disclosed a clearance of more than 11 feet between the left wheels of the Headrick car and the other side of the road through which the truck could have passed, had the driver had it under proper control; that prior to and at the time of the accident both headlights on the Headrick car were burning and were dimmed. According to Headrick and Clyde Lawson, Deputy Sheriff, Bluford Trentham told them immediately after the accident that "my brakes gave away," and "the steering gear locked and I lost control of it." Trentham also admitted to Lawson that he had drunk 2 or 3 bottles of beer during the evening. These statements were denied at the trial by Trentham, who, with the three boys riding in the seat with him, testified that the truck was traveling from 30 to 35 miles per hour, and that the Headrick car had only 1 headlight burning which Trentham insisted blinded him as he approached the automobile.

■ Under the proof, there being disputed issues of fact, it was for the jury to say which witnesses they would or would not believe. The jury having adopted the plaintiff's theory as to how the accident occurred, we find there was ample evidence to support the verdict.

■ Insistence is further made that the family purpose doctrine is not applicable since the defendants' proof shows that the driver was using the truck without the owner's permission. In the light of the evidence, this was a question for the jury under proper instructions of the court. Plaintiff called as a witness the County Court Clerk of Sevier County, who testified that the truck was registered in the name of the older Trentham, which proof of ownership was prima facie evidence that the truck was being operated and used with the authority, consent and knowledge of the owner. Code Sec. 2701;

Green v. Powell, 22 Tenn. App. 481, 124 S. W. (2d) 269. Furthermore, it appears that shortly after the accident the older Trentham told the plaintiff and her husband, as well as Ray Davenport and Clyde Lawson, Deputy Sheriff, that he had sent his son in the truck to Frank Headrick's shop to pay a debt for work which had been done by Headrick on the truck. On cross-examination the younger Trentham testified regarding the use of the truck as follows:

"Q. Bluford, believe you stated the key was left on the mantel? A. Yes.

"Q. That is where your father kept it all the time? A. Most of the time.

"Q. You had access to that key any time you wanted it? A. It was laying there.

"Q. And at any time you wanted that key there was nothing to keep you from going and getting it, your father knew that, and you knew it was on the mantel? A. Yes.

* * * * * *

"Q. Your father knew you were driving? A. Yes.

"Q. Drove up and down through the Valley? A. Yes.

"Q. He would never say anything to you about it? A. He was with me part of the time."

■ ■ We think from the evidence that the jury properly concluded that the truck was being used by the driver with his father's knowledge and consent, and the father, as owner, would be liable for the negligent acts of his son while driving the truck. Green v. Powell, supra; Fulmer v. Jenkins, 24 Tenn. App. 635, 148 S. W. (2d) 39; McMahan v. Tucker, 31 Tenn. App. 429, 216 S. W. (2d) 356; Hill v. Smith, 32 Tenn. App. 172, 222 S. W. (2d) 207.

Complaint is made that the trial court erred by interrupting defendants' attorney during the re-direct examination of one James Trentham's character witnesses, as follows:

"Q. Do you know that it is a part of witness Clarence Headrick's reputation that he has been convicted for larceny, been voting—

"The Court: When you have to go back to 1934 and dig up something to impeach a witness, who was then young, the Court has no faith in that kind of impeachment."

██ This witness had just testified on cross-examination that Headrick had a good reputation, and Headrick had previously testified that in 1934, while very young, he was convicted of larceny, had subsequently voted, and that his citizenship was restored by order of the court in 1949. Under the circumstances the jury had already been told of Headrick's conviction, and apparently no harm resulted from the judge's remark. No exception was made at the time to the remark, and no effort was made to have its effect, if any, neutralized. Before this court will pass on inadvertent remarks made by the trial judge, the remarks must first be excepted to and there must be an affirmative showing that the party complaining was prejudiced thereby. Code Sec. 10654; N., C. & St. L. Railway v. Buchanan, 7 Tenn. Civ. App. 56; Grace v. Curley, 3 Tenn. App. 1; 3 Am. Jur. 373, p. 105; 4 C. J. S., Appeal and Error, Section 714, page 1192.

██ ██ Complaint is also made that the trial judge erred in failing to charge the jury the law pertaining to impeachment of witnesses. It appears from the record that the defendants submitted other requests to the court, but none were submitted by them covering the matters complained of in this assignment. Under our decisions

inadequate instructions in a charge to the jury are not reversible error when the party affected thereby fails to call the error to the attention of the court, and when adequate and further instructions are not requested. Brakebill & Hamilton v. South Knoxville Contracting & Const. Co., 14 Tenn. App. 531; Langston v. Memphis St. Ry. Co., 14 Tenn. App. 288; Travis v. Bacherig, 7 Tenn. App. 638; Cochran v. Gaither, 9 Tenn. App. 247; Tevis v. Proctor & Gamble Distributing Co., 21 Tenn. App. 494, 113 S. W. (2d) 64; Carney v. Cook, 158 Tenn. 333, 13 S. W. (2d) 322; National Life & Accident Ins. Co. v. Morrison, 179 Tenn. 29, 162 S. W. (2d) 501. In considering this question our Supreme Court in Carney v. Cook, supra [158 Tenn. 333, 13 S. W. (2d) 325], said: "* * *, counsel engaged in a trial should aid the court by calling his attention to an abstraction or an inadvertence in delivering his instructions to the jury, and, where they fail to do so, this court will not reverse unless convinced that the party complaining has been prejudiced by such instruction, or that justice is about to miscarry."

It results that all assignments will be overruled and the judgment below will be affirmed with interest thereon at defendants' costs.

McAmis and Hale, JJ., concur.