# HERBERT RINGER v. JAMES R. GODFREY and Wife.—362 S. W. (2d) 825.

Eastern Section. March 27, 1962.

Certiorari Denied by Supreme Court November 9, 1962.

560

Harry Berke, Chattanooga, for plaintiff in error.

Spears, Moore, Rebman & Williams, Chattanooga, for defendants in error.

McAMIS, P. J. Herbert Ringer sued James R. Godfrey and wife to recover for the death of his son, Morris Ringer, 5 years of age, who was struck by the Godfrey car, driven by Mrs. Godfrey, at the intersection of Chandler Avenue and 38th Street in Chattanooga. There was a jury verdict for defendants and from the judgment rendered thereon plaintiff has appealed insisting there was no evidence to sustain the verdict and that the Court erred in charging the jury on the doctrine of independent intervening cause.

█ In responding to the insistence that there is no evidence to sustain the verdict coming to this Court bearing the approval of the trial court, we must bear in mind the rule so well stated in D. M. Rose & Co. v. Snyder, 185 Tenn. 499, 508, 206 S. W. (2d) 897, as follows:

"While these issues involve a review of the evidence, such review is not to determine where the truth lies or to find the facts, that not being our province in jury cases. It is only to determine whether there was any substantial evidence to support the verdict; and it must be governed by the rule, safeguarding the constitutional right of trial by jury, which requires us to take the strongest legitimate view of all the evidence to uphold the verdict, to assume the truth of all that tends to support it, to discard all to the contrary, and to allow all reasonable inferences to sustain the verdict. Johnston v. Cincinnati N. O. & T. P. R. Co., 146 Tenn. 135, 149, 240 S. W. 429; Finchem v. Oman, 18 Tenn. App. 40, 49, 50, 72 S. W. (2d) 564, 570."

Needless to say, the same principles apply where the verdict is for the defendant.

■ When so reviewed, we think under the evidence hereinafter outlined, if believed, the jury could find that Mrs. Godfrey was guilty of no negligence in the operation of the car or, if negligent, that her negligence was not the proximate cause of the accident.

At the time of the accident Mrs. Godfrey was driving west on 38th Street at a speed within the 30 miles per hour speed limit. The child, Morris Ringer, accompanied by his sister, Linda Ringer, 15 years of age, approached the intersection from the south walking along the sidewalk on Chandler Avenue. Linda, holding the five year old Morris with her right hand clasped in his left hand, stepped off the south curb of 38th Street. According to the testimony of Mrs. Godfrey when they were about 3 feet from the curb Linda saw the Godfrey car approaching from her right and stepped back still holding the hand of the boy who then suddenly jerked loose from her and "darted" across the center line of 38th Street where he was struck by the left front headlight of the car at a point about 3 or 4 feet north of the center line.

Mrs. Godfrey further testified that she saw the girl and the boy standing on the south curb of 38th Street when she was about a block or more away and began slowing down but that she did not apply the brakes until she saw the boy break loose from his sister. Although her testimony as to distances is somewhat confused and shows an obvious misconception as to the length of a city block, Mrs. Godfrey's testimony in its most favorable aspect is that when the boy broke loose from his sister and started across the street she was only about 25 feet away. It is undisputed that she immediately applied the brakes and skidded a distance of 45 feet before bringing the car to a stop on the west side of the intersection.

It is true the proof for the plaintiff is that the girl and the boy had walked almost to the center line before she stepped back and the boy broke loose and attempted to complete the crossing. It was for the jury, however, to resolve this conflict in the evidence as to their position in the street and we are bound by the findings on that issue of fact. If the jury believed the testimony of Mrs. Godfrey, it could well find that the boy while in the custody of his sister suddenly and without warning left a place of safety and darted in front of the car when it was too late for the driver to do anything to avert the accident. We are not privileged to say the jury was wrong and reach a contrary conclusion. There was no error in refusing to grant a new trial on the ground that the verdict is unsupported by any material evidence.

On the question of intervening cause the Court charged the jury:

"Although a child five (5) years of age cannot be guilty of contributory negligence, if this child's intervening act was the proximate cause and the acts of Mrs. Godfrey were not the proximate cause of his death, the plaintiff could not recover."

It is insisted this charge was equivalent to an "indirect charge" that the child could be guilty of contributory negligence and that the evidence did not justify the charge since the doctrine of intervening cause is never applicable where the original act of negligence is a continuing one or the intervening cause might reasonably have been anticipated.

It is proper for the Court to charge the law upon any issue of fact within the scope of the pleadings upon which there is evidence which even though slight is suffi-

cient to sustain a verdict. Dobson v. State, 73 Tenn. 271, 272; Monday v. Millsaps, 37 Tenn. App. 371, 264 S. W. (2d) 6.

The law is that the chain of causation is not broken by the occurrence of an intervening act or event if the original actor was negligent and the occurrence of the intervening act or event might reasonably have been anticipated. Cartwright v. Graves, 182 Tenn. 114, 184 S. W. (2d) 373; Gannon v. Crichlow, 13 Tenn. App. 281; Levitan v. Banniza, 34 Tenn. App. 176, 236 S. W. (2d) 90; Wallace v. Electric Power Board, 36 Tenn. App. 527, 259 S. W. (2d) 558.

In the case first cited a child was injured when struck by another vehicle after alighting from a school bus operated by the defendant who had failed to warn the child of the approaching vehicle. The defense there was that the act of the child as well as the act of the driver of the second vehicle constituted independent intervening acts relieving the defendant of his prior negligence. The verdict against the defendant was sustained on the ground that it was for the jury to say whether he should reasonably have anticipated the events which followed.

In this case it was for the jury to determine the credibility of Mrs. Godfrey's testimony that the boy was within 3 feet of the south curb when she was approximately 25 feet east of the intersection and if it found her testimony on that isseue to be true it was within its province to decide whether the act of the child constituted an independent intervening act interrupting and superceding the prior negligence of Mrs. Godfrey, if any, and whether under all the circumstances she should reason-

ably have anticipated such an eventuality, especially since the child was in the custody of his 15 year old sister.

█ If the subsequent event is of an unusual or unexpected character and the defendant's act alone would not have produced injury to the plaintiff the defendant is not liable. Wallace v. Electric Power Board, supra, citing Louisville Home Telephone Co. v. Gasper, 123 Ky. 128, 93 S. W. 1057, 9 L. R. A., N. S., 548. See also 38 Am. Jur. 730.

We are unable to follow the earnest argument of counsel that the doctrine of intervening cause can never be applied unless the second negligent act was committed by a conscious agency and that a five year old child is incapable of acting "consciously" with regard to a danger resulting from the negligence of another. Ford Motor Co. v. Wagoner, 183 Tenn. 392, 192 S. W. (2d) 840, 852, 164 A. L. R. 364 is cited for this qualification of the rule. The learned author of the opinion in that case cites 38 Am. Jur. 729, 730 in discussing this question. A careful study of the opinion and of the authority cited leads to the conclusion that the Court intended to hold that in order to break the chain of causation the second actor must have been *aware* of the danger created by the initial actor and consciously acted with regard thereto.

In any event the authority cited in the opinion states on the following page 732:

"The general rule seems to be that the fact that the person responsible for the intervening act is a child does not affect the case, but, if the act itself is an intervening, independent, efficient cause which is neither foreseen nor reasonably foreseeable by the defendant, it will break the causal connection between the defendant's negligence

and the plaintiff's injury, even though it is the act of an irresponsible child. * * *. It is clear that the intervening act of a child may be the responsible cause of his injuries, although on account of his age, he cannot be held guilty of contributory negligence. In accord with the general principles hereinbefore stated the act of the child does not operate as an intervening cause which breaks the connection between the defendant's negligence and an injury, if the child's act was foreseen or reasonably might have been foreseen by the defendant.''

This is the rule followed in this state with respect to the independent act of a child. Stafford v. Consolidated Bus Lines, 179 Tenn. 185, 164 S. W. (2d) 15; Nashville, C. & St. L. Ry. v. Harrell, 21 Tenn. App. 353, 110 S. W. (2d) 1032.

The refinements and limitations upon the doctrine of intervening cause here urged were not spelled out in the general charge. However, no special requests were tendered and it is well settled that no complaint as to meagerness or inadequacy alone will be considered on appeal in the absence of a special request for amplification before the case goes to the jury. McClard v. Reid, 190 Tenn. 337, 229 S. W. (2d) 505; Bluff City Buick Co. v. Davis, 204 Tenn. 593, 323 S. W. (2d) 1; Trentham v. Headrick, 35 Tenn. App. 330, 245 S. W. (2d) 632.

For the reasons indicated the assignments are overruled and the judgment must be affirmed.

Hale and Howard, JJ., concur.