**Sandra SKEENS, by next friend, Plaintiff-Appellee,**

v.

**Andrew Hamilton GEMMELL, Defendant-Appellant.**

**Clyde Carl SKEENS, Plaintiff-Appellee,**

v.

**Andrew Hamilton GEMMELL, Defendant-Appellant.**

**Nos. 16192, 16193.**

United States Court of Appeals
Sixth Circuit.

Nov. 29, 1965.

---

8. See Restatement of Property, § 476(e).

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and GREEN, District Judge.*

HARRY PHILLIPS, Circuit Judge.

This case involves an automobile-pedestrian accident in Bristol, Tennessee, which resulted in serious personal injuries to Sandra Skeens, a seven-year-old girl. The jury returned a verdict of $25,000 for Sandra and $6,000 in favor of her father for medical expenses and loss of services. The district judge, the Honorable Robert L. Taylor, overruled defendant's motion for a directed verdict at the close of all the evidence and the motions for judgment n. o. v. and for a new trial.

Sandra was going home from school with other children and when first seen by defendant was walking along the sidewalk. She was hit when she walked or ran out across the street in front of defendant's automobile. Defendant contends that he was confronted by an emergency and was unable to avoid the collision, that the child's right of action was barred by her contributory negligence, and in any event the accident was proximately caused by an independent intervening factor, i. e., the barking of a dog which frightened Sandra and caused her to dash suddenly across the street.

The issues presented on this appeal are: (1) whether there was evidence from which the jury could have found defendant to have been guilty of negligence proximately causing the accident; (2) whether the district judge erred in refusing to direct a verdict and in overruling the motion for a judgment n. o. v.; and (3) whether the district judge committed prejudicial and reversible error in rejecting a requested charge to the jury on the issue of independent intervening cause.

The record contains evidence from which the jury could have concluded that defendant was driving near a school, although not in a school zone; that he knew it was about time for children to

Harry N. Fortune, Johnson City, Tenn., for appellant, C. T. Herndon, III, Johnson City, Tenn., on the brief, Simmonds, Bowman & Herndon, Johnson City, Tenn., of counsel.

David S. Haynes, Bristol, Tenn., for appellees, Curtin, Haynes & Winston, Bristol, Tenn., of counsel.

* Honorable Ben C. Green, United States District Judge for the Northern District of Ohio, sitting by designation.

be returning home from school and that children would be on the streets and sidewalks, thereby putting defendant and other motorists on notice to keep a lookout for them; that he saw Sandra and her companions walking, skipping and playing on the sidewalk some time before the accident occurred; that although he testified to the effect that he was driving not faster than the speed limit of twenty-five miles per hour prescribed by city ordinance, he was driving his car at an unreasonably fast rate of speed under the circumstances then existing; that he failed to sound his horn when he saw Sandra reverse her direction and start running toward the street; and that he failed to veer his car to the right and thereby avoid striking the little girl.

■■ Viewing the record in the light most favorable to plaintiff, Miller v. Chattanooga Auto Parts, 350 F.2d 851 (C.A. 6), we agree with the district judge that there was sufficient evidence to submit the case to the jury and to support the verdict. It necessarily follows that the district court did not err in overruling the motions for a directed verdict and for a judgment n. o. v.

As for the issue of the court's charge to the jury, the district judge gave full and adequate instruction concerning Tennessee law on proximate cause, contributory negligence, remote contributory negligence (including the law of contributory negligence as applied to small children), the law of emergency [1] and burden of proof.

■ The evidence concerning the defense of sudden emergency and the alleged independent intervening cause, i. e., the barking of a dog, was developed fully before the jury. It was within the province of the jury to determine whether the proximate cause of the accident was the barking of the dog or the negligence of the defendant. The jury resolved this issue against defendant.

■ We find no error in the refusal of the district judge to submit to the jury the exact language of defendant's special charge on independent intervening cause. We agree with the district court that the special charge proffered by defendant [2] did not spell out sufficiently "the refinements and limitations upon the doctrine of intervening cause." See Ringer v. Godfrey, 50 Tenn.App. 559, 566, 362 S.W.2d 825, 828.

The judgment of the district court is affirmed.

---

1. That portion of the court's charge dealing with emergency was as follows:

"As indicated, the law recognizes that persons are sometimes confronted by and must act in unexpected situations. This has occasioned a special rule known as the defense of sudden emergency. When a person is suddenly confronted by a situation involving danger to himself or to another and the situation is not caused by negligence on his part, if he acts as a reasonably prudent person under the same circumstances would act, he cannot be charged with negligence in such emergency though he may not have done that which now can be seen would have prevented an accident. It is not a question of what was the safest or best thing to do. The question is what, under the circumstances, a reasonably cautious and prudent person might have done. If, therefore, you find that a party in this case was confronted by a sudden emergency and had no time in which to form a judicious decision, his spontaneous action in trying to avoid an accident should not be chargeable to him as negligence, even though he may have acted injudiciously."

2. "I charge you that a child between his or her seventh and fourteenth year of age may or may not be chargeable with contributory negligence, depending upon his or her intelligence, experience, alertness, instructions as to dangers, etc.

"However, I charge you that the intervening act of this child may be the responsible cause of her own injuries, even though she could not be held guilty of contributory negligence. Therefore, if you should find, under the rules heretofore charged you, that the defendant saw the minor plaintiff and other children on the opposite sidewalk walking or playing in a normal manner, and that a dog, unseen by defendant, began barking, causing this minor plaintiff to become frightened, and to run into the street, and that this was the independent and proximate or intervening cause of this accident, then your verdict would be for the defendant."