Frank R. CLEVENGER, Plaintiff-Appellee,

v.

John M. OWENS and The Maytag Company, Defendants-Appellants.

No. 16497.

United States Court of Appeals Sixth Circuit.

Aug. 15, 1966.

Robert D. Simmons, Bowling Green, Ky., Harlin, Parker & Ricketts, Bowling Green, Ky., on brief, for appellants.

Paul R. Huddleston, Bowling Green, Ky., Huddleston & Huddleston, Bowling Green, Ky., Marion Vance, Glasgow, Ky., on brief, for appellee.

Before PHILLIPS, Circuit Judge, and McALLISTER and CECIL, Senior Circuit Judges.

McALLISTER, Senior Circuit Judge.

Appellee, Frank R. Clevenger, on May 2, 1963, about ten o'clock at night, was operating his own tractor-trailer, as a contract carrier, while driving west on U. S. Highway 68 in Barren County, Kentucky. As he was meeting and passing an east-bound car, he struck a Black Angus steer lying in the road. The accident resulted in the breaking of a connection at the air tank in the brake system of appellee's truck, which brought the vehicle to a sudden stop in the right westbound lane—in which appellee was proceeding—leaving the rear of the trailer slightly askew, extending over the center line a foot or more into the left lane. Appellee Clevenger descended from the stalled truck, taking a flashlight and three emergency flares as protection, and as warning to travelers on the highway. He ran forward and placed one of the flares on the highway a hundred feet ahead and west of the tractor. He then ran back and placed another at the left rear corner of the trailer; and he placed a third flare on the highway a hundred feet behind and east of the trailer. All flares were lighted. Then, with the help of his assistant driver, Clevenger pulled the steer off the highway, and returned to the truck to make repairs. He had everything necessary to fix the brake system and expected to complete the job and get under way again within five or ten minutes. The assistant driver crawled under the vehicle at the rear of the tractor to plug the air tank. Appellee Clevenger stood by, holding a light on the work and watching for traffic.

As the repairs were being made to the brake system, an automobile driven by John M. Owens and owned by The Maytag Company came down the highway traveling west and approached the rear of the truck. Owens was the authorized agent of The Maytag Company and was on its business at the time. Owens reduced his speed and moved slowly to the left lane, as though he were going to pass the truck on the left; but as the automobile drew alongside the truck and reached a point near the rear wheels of the tractor, Owens stopped his car and left it standing in the left lane of the highway facing west. During this time there was a short exchange of conversation between appellee Clevenger and appellant Owens, in which, according to his testimony, Clevenger told Owens he was in a bad place, as both lanes of traffic on the highway were completely blocked; and then, suddenly, coming around a sharp curve and over a crest about 400 feet away, another automobile appeared,

traveling east at a rapid rate of speed. Clevenger walked forward, waving his flashlight in an effort to warn the driver of the oncoming vehicle; but the car was coming fast and swerved to the right at the last moment, barely missing the standing automobile of John M. Owens and The Maytag Company. Clevenger testified that, as he tried to flag down the oncoming car, he saw that it did not slow down and he tried to jump away from it and was knocked over into the ditch. Appellant Wood testified that Clevenger had *"jumped onto the south shoulder* in an effort to get out of the car's way" and that the car then suddenly veered sharply to the south and off the road; and that as it went off the road it struck appellee Clevenger and knocked him into the air and the car and Clevenger landed in the ditch, south of the highway, resulting in serious injuries to Clevenger. Clevenger filed his complaint for damages for such injuries, arising out of the negligence of appellant Owens and The Maytag Company, as well as Edwin Reed and Mrs. Rice Reed, who, he claimed, negligently permitted the steer to run at large upon the highway, and against Jerry Wood and Raymond Wood, Jr., his father, who owned the car which struck appellee Clevenger as Jerry Wood was trying to avoid colliding with the truck and trailer and the car which had been stopped by Owens in the left lane of the highway, facing west. The jury brought in a verdict against John M. Owens and The Maytag Company in the sum of $85,000; against Edwin Reed and Mrs. Rice Reed in the sum of $8,000, and against Jerry W. Wood and Raymond Wood, Jr. in the sum of $6,978.89. The Reeds and the Woods have not appealed; Owens and The Maytag Company are the only appellants in this case.

▪ We have stated and considered the evidence and all inferences to be drawn therefrom in the light most favorable to appellee and in support of the verdict, in accordance with the rule governing the review of judgments based on jury verdicts. White Oak Coal Company, Inc. v. United Mine Workers of America, 318 F.2d 591, 593 (C.A. 6). The testimony, as is the case in practically all personal injury suits, was in dispute; but there is evidence from which the jury could have concluded that when Clevenger saw that the oncoming Wood car was not going to stop, he jumped to the shoulder on the left side of the road in an attempt to avoid the car, and that Wood simultaneously swerved his car to the same side of the highway, resulting in Clevenger being struck and hurled into the ditch. Whether Clevenger was guilty of contributory negligence, in his actions and attempt to stop the oncoming car, was, under the circumstances, a question for the jury.

The jury was instructed that it might find separate amounts in damages against the various defendants. Appellants do not object to this instruction. Moreover, they do not attack the verdict as being excessive. But they do contend that the jury, by the manner in which they apportioned the damages, indicated such bias and prejudice against appellants Owens and The Maytag Company that the jury's action resulted in reversible error. After verdict, appellants Owens and The Maytag Company moved for a judgment in accordance with their motion for a directed verdict of no cause of action, or for a new trial. After consideration, Judge Swinford entered an order denying the motion. Upon a review of the record, we find no error in the action of Judge Swinford in declining to interfere with the verdict of the jury.

▪ Appellants Owens and The Maytag Company based their defense principally on contributory negligence and assumption of risk. Here again the evidence was in conflict. The questions of contributory negligence and assumption of risk were properly submitted to the jury under Kentucky law, and Judge Swinford, in our view, correctly charged the jury on these issues. This is the kind of case that depends upon the facts, and must be won or lost before the factfinder—in this case, the jury.

Other claims of error are not, as we see it, meritorious, and are unnecessary to discuss.

In accordance with the foregoing, the judgment of the District Court is affirmed.