**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**SUMMIT FIDELITY & SURETY COMPANY, Defendant-Appellant.**

**No. 18565.**

United States Court of Appeals
Sixth Circuit.

March 24, 1969.

David Kaplan, Edward T. Brady, Jr., Louisville, Ky., for appellant, Stuart L. Lyon, Hubert H. Hevey, Jr., Louisville, Ky., on brief.

Philip Huddleston, Asst. U. S. Atty., Louisville, Ky., for appellee, Ernest W. Rivers, U. S. Atty., Louisville, Ky., on brief.

Before O'SULLIVAN and COMBS, Circuit Judges, and KENT, District Judge.*

* Honorable W. Wallace Kent, Chief Judge, United States District Court for the Western District of Michigan, sitting by designation.

KENT, District Judge.

This is an appeal from an order of the district court forfeiting certain bail bonds posted by Summit Fidelity and Surety Company (hereinafter referred to as Summit) on behalf of James Thomas Scott and Donald Edwin Moore, defendants in certain criminal cases.

A brief recital of the facts will suffice. On June 4, 1967, Moore and Scott were arrested. Each was charged with dealing in stolen and forged United States Savings Bonds. In addition there was a separate charge against Moore for armed bank robbery. In the course of the proceedings the United States Commissioner fixed bail at $25,000 for Scott and $25,000 in each case for Moore. The named defendants failed to appear before the United States Commissioner at the time set for hearing. A motion for forfeiture of the bond was filed with the district court and due notice was given to the surety company. After hearing, the bonds were declared forfeited and Summit was ordered to make payment in the full amount of the bonds, $75,000.

Hearing on the motion for forfeiture was originally scheduled for November 22, 1967, which was adjourned at the request of Summit until December 18, 1967. At the hearing on December 18 the agent for the bonding company, Elmer Byrd, was sworn as a witness and testified that at the time of the execution of the bonds he was an agent for Summit and had authority to execute the bonds in question and that he did execute the bonds in question; a special agent of the United States Secret Service was called as a witness in regard to the failure of the accused to appear, and Mr. Mitchell H. Caplan was called. It appears from the transcript of the testimony that Mr. Caplan had a national agency contract with Summit but was not an officer or employee of Summit. Mr. Caplan testified that Byrd was not an agent of Summit. There appears to be no question but that Byrd failed to remit to Summit the premium on the bonds.

■ The undisputed testimony shows that Elmer Byrd wrote bail bonds as agent for Summit during 1967. (Tr. pgs. 90–92). No evidence was offered on the part of Summit to show that Elmer Byrd was ever notified of any cancellation of his authority to write bonds as an agent of Summit. "The revocation or renunciation is effective when the principal or agent learns that the other no longer consents to the continuance of the authority." Restatement (2d) Agency, § 119(c) "[A] principal's revocation of his agent's authority is ineffective until communicated to the agent." Jas. H. Matthews & Co. v. N. L. R. B., 354 F.2d 432, 438 (8th Cir., 1965), *cert. den.* 384 U.S. 1002, 86 S.Ct. 1924, 16 L.Ed.2d 1015 (1966). "As between the principal and the agent a revocation of authority does not become effective until it is in some way communicated to the agent." 2 C.J.S. Agency § 77b(1).

■ Summit claims that the bonds, the power of attorney of Byrd and the "qualifying power of attorney" for Byrd were not in proper form but offered insufficient evidence at the hearing to substantiate this claim. After the hearing, at which the court stated as its opinion that the Government was entitled to recover the amount of the bonds, Summit filed a motion for rehearing offering alleged "newly discovered" evidence from its records and the records of its agents in regard to alleged forgery in connection with the issuance of the bonds. Without any question, all of this evidence was available to Summit before the date fixed for the original hearing and certainly before the date of the actual hearing. Summit claims that the $25,000 limitation on the power of attorney form would indicate that the posting of two bonds totaling $50,000 for the accused, Moore was in excess of the authority of the agent Byrd. However, in oral argument before this court counsel for Summit admitted that the $25,000 limitation applied to any one bond rather than to any one individual and we consider this alleged claim of error of no consequence. It was also claimed by counsel for Summit that because the notary commission in Illinois, where the power of attorney documents

**48**

were notarized, was in effect for only four years it should have been obvious to the clerk of the court that because the commission of the notary must have expired before the date of the powers of attorney, the powers of attorney would be ineffective. Counsel have not cited to us any decision and we have been unable to find any decision or any law which requires that the clerk of a court in the State of Kentucky be familiar with or take notice of the laws relating to the term of office of a notary public in the State of Illinois.

 In an appeal from the decision of the district court we must review the facts from the point of view most favorable to the appellee. Clevenger v. Owens, 365 F.2d 878 (6th Cir., 1966); Skeens v. Gemmell, 353 F.2d 38 (6th Cir., 1965); Miller v. Chattanooga Auto Parts, Inc., 350 F.2d 851 (6th Cir., 1965); Price v. Firestone Tire & Rubber Co., 321 F.2d 725 (6th Cir., 1963).

The failure of the agent to remit the premium does not constitute failure of consideration for the bond and does not relieve Summit from its liability. Such bonds are a contract between the surety and the Government which are not dependent upon a consideration flowing from the individual from whom the bond is forfeited to the surety. United States v. Kelley, 38 F.R.D. 320, 321 (D. C., Colo., 1965); United States v. Davis, 202 F.2d 621, 625 (7th Cir., 1953).

We do not consider evidence which was not presented to the district court. As previously stated the defense of forgery was readily available to Summit prior to the time of hearing and could not be classified as new evidence. It is, therefore, not properly before this court and cannot be considered at this time. Ellsworth Freight Lines, Inc. v. Coney, 376 F.2d 475 (7th Cir., 1967); Wagner v. Retail Credit Company, 338 F.2d 598 (7th Cir., 1964); reh. den.; Hormel v. Helvering, 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941).

The district court's determination of the facts should not be upset unless it is clearly erroneous. Strickler v. Pfister Associated Growers, Inc., 319 F.2d 788 (6th Cir., 1963); Walling, Wage and Hour Administrator v. General Industries Co., 155 F.2d 711 (6th Cir., 1946), aff'd 330 U.S. 545, 67 S.Ct. 883, 91 L.Ed. 1088 (1947).

On the evidence which was before the district court the findings of fact and the conclusions of law reached by the district court were eminently justified. There was no error in the denial of a rehearing.

The judgment of the District Court is affirmed.