## KNOXVILLE *v.* COX.

### (*Knoxville.* October 28, 1899.)

**1. CONTRIBUTORY NEGLIGENCE.** *Question for jury.*

It lies within the exclusive province of the jury to determine, under proper instructions from the Court, whether upon the facts the plaintiff has been guilty of any contributory negligence, and whether, if guilty, plaintiff's contributory negligence has been of such character as to defeat his action *in toto*, or merely to mitigate and reduce the damages. (*Post, pp. 369–372.*)

**2. SAME.** *Forgetfulness of known danger.*

Momentary forgetfulness of a known danger, that caused plaintiff's injury does not *per se* constitute such contributory negligence as will defeat his action. It is a fact to be considered by the jury along with the other facts of the case bearing upon the question of contributory negligence. (*Post, pp. 372–374.*)

**3. CHARGE OF COURT.** *Special requests.*

To put the lower Court in error for refusing to give special requests, they must be accurate in every respect. (*Post, p. 372.*)

Cases cited and approved: Railroad *v.* Fain, 12 Lea, 35; Railroad *v.* Gurley, 12 Lea, 46.

---

FROM KNOX.

---

Appeal in error from the Circuit Court of Knox County. JOSEPH W. SNEED, J.

THOS. L. CARTY for city.

J. C. J. WILLIAMS for Cox.

BEARD, J.    The defendant, a negro about seventy-three years of age, brings this suit to recover damages for an injury sustained by him in falling over an unprotected supporting wall to the east side of Central Avenue, one of the public streets of the city of Knoxville.    The accident occurred near the point of intersection of this avenue with Willow Street, about nine o'clock at night, when defendant in error was returning from the market to his home by a route usually taken by him.    There had been a guard rail running along the top of this supporting wall, extending as far as Willow Street, for the safety of persons using Central Avenue, but this was removed a month or more before this accident, by a contractor who was doing some work for the city.    The fact of its removal was known to plaintiff in error, but at the moment of the accident it had escaped him, and he was then unconscious of the danger incident thereto.    Passing along Central Avenue and reaching what defendant in error supposed to be Willow Street, he turned for the purpose of entering it, when he stepped over the wall in question and was precipitated to the rocks beneath, receiving the injuries of which he complains.    The point where this occurred was about five feet short of Willow Street; it was unlighted by a lamp or electric light, and was thrown in deep shadow by a house or houses across the street.

On this state of facts the trial Judge charged

19 P—24

the jury as follows: "It is insisted in this case by the defendant that it is not liable, but that the plaintiff's negligence caused his injury; and it is strenuously insisted that he had previous knowledge of this guard rail being removed for the purpose of making repairs there, and that he wrongfully, negligently, and carelessly walked off at that place, notwithstanding such knowledge.; that, like the other charge of negligence on the part of the city in this case, whether it is made applicable to the plaintiff's contention or that of the defendant is a mixed question of law and fact for the jury to determine from all the evidence under the charge of the Court. You are the sole judges of the evidence, but of the law the Court is the judge, and you must take the law and apply it to the facts as the Court gives it; for, as to that branch of it, you are bound by the instructions of the law which the Court may give. You are to consider the fact shown from the proof that the plaintiff had knowledge of the barrier or guard rail being removed, and then say whether, considering his age, and all the facts surrounding the accident, that he exercised ordinary care and caution for his own safety. If he did not, and his negligence was in any sense the proximate and efficient cause of his own injury, he could not recover, and it would be your duty to find for the defendant."

Being dissatisfied with this instruction, the de-

Knoxville *v.* Cox.

fendant below presented to the trial Judge two special requests, by which he was asked to say to the jury that if plaintiff had knowledge that this wall at the point where the accident happened was unprotected by a guard rail or otherwise, it was his duty to keep such knowledge in mind, and if in a moment of forgetfulness or unconsciousness of the danger to which this lack of protection exposed him, and lacking ordinary care, he received the injury, then "the law will attribute his injury to his contributory negligence, and he could not recover damages in this case." These requests were declined by the Court, and this action is here assigned for error.

These requests were unsound in at least two particulars. In the first place the question of contributory negligence, whenever the facts of the case raise it, cannot be settled by the Court, but goes to the jury, whose exclusive province it is to consider and determine it. In the second place, in no case where contributory negligence on the part of the plaintiff is shown, to use the terms of these requests, does "the law attribute his injury to his contributory negligence," and thus bar his recovery. This, like the other question, goes to the jury, and upon all the facts they determine whether, granting such negligence, it in the whole or in part proximately occasions the injury. If it did in either respect, then under proper instructions they are bound to find against the

plaintiff. On the other hand, if the facts show negligence on his part, yet that the intervening negligence of the defendant was the sole promoting and proximate cause of the injury, then, at the most, the negligence of the plaintiff can be looked to alone in mitigation of damage. In that these special requests assumed otherwise in these two particulars, they were properly rejected by the trial Judge; for it is well settled that to put the lower Court in error for declining to grant a special request, it must be accurate in every respect. *Railroad* v. *Fain,* 12 Lea, 35; *Railroad* v. *Gurley, Id.,* 46.

Still another objection is that they give undue weight to the fact that the plaintiff below, at the time of the accident, had knowledge of, but in a moment of mental abstraction lost consciousness of the perilous, condition in which the removal of the guard rail left one side of Central Avenue. In support of these requests in his brief and argument, the attorney for the city relies largely upon the text of Mr. Beech, in his work on Contributory Negligence, p. 40, to the following effect: "Where one knowing the danger temporarily forgets it and in consequence suffers, his forgetfulness will not avail him as an excuse. What he knows he must remember at his peril, and not to remember is contributory negligence if it occasions the injury."

If this is to be understood as announcing the

proposition that prior knowledge of a defect, with momentary forgetfulness of its existence, resulting in an injury, constitute contributory negligence which will bar recovery, then we are not prepared to accept it. These facts, while they are to be considered by the jury in determining whether the plaintiff's negligence has proximately contributed to his injury, yet of themselves do not necessarily constitute such negligence.

Mr. Jones, in Sec. 221 of his work on Negligence of Municipal Corporations, says: "Many cases have arisen where effort has been made to establish the rule that knowledge of a defect in any subsequent user of a walk would estop a person injured from claiming damages; but this is not the law, for such knowledge does not always bar a party from a right of recovery. If a person knows that a walk is defective, he may use it, unless his act in so doing is not reasonably prudent. He is not obliged to give up a walk provided by the corporation, or else use it at his peril, but he is obliged to exercise reasonable care." These propositions are sustained by many authorities collated in a footnote.

Mr. Lawson, in Vol. 3, Sec. 1169, of his work on Rights, Remedies, and Practice, says that it is not required "that the thoughts of the traveler shall be at all times fixed upon these defects which he may have previously noticed." In support of his text this author cites *George* v. *Hav-*

*erhill,* 110 Mass., 514; *Thomas* v. *W. U. Tel. Co.,* 100 Mass., 156; *Mahoney* v. *Railroad,* 104 Mass., 73.

The soundness of this view is recognized in other well-considered cases. In *Weed* v. *Village of Balston Spa,* 76 N. Y., 330, the facts were that the plaintiff in error was seriously injured by driving into a street excavation of which he had previous knowledge; and in resisting recovery in that case, it was urged that the failure to avoid it with this knowledge was culpable negligence, which should bar a recovery. To this the Court said: "The plaintiff, although he had known of the excavation, might not remember its exact location, or the fact may have been forgotten. The plaintiff was driving in a slow trot, and the fact that he did not keep in the middle of the street was not negligence, if at the time he was not conscious of impending danger."

In *Kelly* v. *Inhabitants of Blackstone,* 147 Mass., 448, it was distinctly held that "a traveler may have his attention momentarily diverted from the defects in the way, even if known to him, and yet be in the exercise of due care." In *McQuillan* v. *City of Seattle,* 10 Wash., 464 (S. C., 45 A. S. R., 799), the Court says: "The testimony of the appellant discloses that at the moment he supposed he was stepping upon the sidewalk he was not thinking of the hole through which he fell, but momentary forgetfulness is not necessarily conclu-

sive proof of negligence in cases of this character."
To like effect is *Malory* v. *St. Paul,* 54 Minn.,
398. For these various reasons the special requests
were properly refused.

The instructions as given embodied the law of
the case, and as there was material evidence to
support the verdict, the judgment is affirmed.