DOLAN v. BRY BLOCK MERCANTILE CO. (Two Cases).—126 S. W. (2d) 376.

Western Section. April 5, 1938.

Petition for Certiorari Denied by Supreme Court, Dec. 17, 1938.

A. C. Muir and J. J. Dolan, both of Memphis, for plaintiffs in error.

Winchester & Bearman and Heiskell Weatherford, Jr., all of Memphis, for defendant in error.

SENTER, J.  The parties will be referred to as in the court below.

Mrs. Nellie M. Dolan sued the defendant for damages for personal injuries alleged to have been sustained by her by falling on the floor of the defendant's store in Memphis, Tennessee, because of the manner in which the floor was constructed and the manner in which the

place where the accident occurred was lighted. Plaintiff, Joseph E. Dolan, sued for loss of services on account of the injuries sustained by his wife and also for the expenses incurred by him as a result of the injuries sustained by his wife.

The two cases were tried together before the same jury and trial judge. At the conclusion of the evidence of the respective plaintiffs there was a motion by the defendant for a directed verdict in its favor. This motion was sustained and the trial judge directed the jury to return a verdict in favor of the defendant in the respective suits and the suits were dismissed at the costs of the respective plaintiffs.

From the action of the trial judge in sustaining the motion of defendant for directed verdicts in the respective cases and in overruling their motions for a new trial, both plaintiffs have appealed in error to this court and have filed joint assignments of error.

The only question presented by the assignments of error is that there was material evidence entitling the respective plaintiffs to have the issues submitted to the jury, and that it was, therefore, error to sustain the motion of the defendant for directed verdicts. This involves a consideration of the evidence.

It is conceded by appellee that if there is any material evidence, when considered most favorably to the contention of plaintiffs, the trial judge cannot direct a verdict against the plaintiffs. This rule is so well settled that it does not become necessary to cite authorities in support of the rule.

The accident occurred on the second floor of the large department store of the defendant in the city of Memphis, Tennessee. Plaintiff, Mrs. Nellie M. Dolan, had ascended to the second floor in the passenger elevator for the use of customers. After getting off the elevator she started walking down one of the aisles on the second floor and fell on the floor, resulting in the personal injuries for which the respective suits are brought.

It appears without conflict in the evidence that at the point where plaintiff fell to the floor there is a slight incline in the floor for a distance of about three feet. The incline slopes in three directions. The floor was covered with a green linoleum. It appears that there is a column located about where the slope begins, and there was also a ceiling light near the column. At the base of the column there was an empty electric light socket at the time of the accident.

The declaration avers that the floor was defectively constructed by having this slope in the floor and in the aisle where customers of the store were accustomed to walk; that the column near this slope threw a shadow across the slope by reason of the ceiling light; that this condition was known to the defendant and that defendant knew, or should have known that it rendered the floor dangerous, both because of the manner in which the floor was constructed and the green li-

noleum covering on the floor, and because of the location of the column and the ceiling light which caused a shadow to fall across the slope in the floor, and because there was no light bulb burning on the column to aid customers in walking down this aisle and across this incline or slope in the .floor, and that this constituted actionable negligence and was the direct, efficient and proximate cause of the injuries sustained by plaintiff who was at the time a customer and an invitee of the defendant.

It appears that this slope in the floor was part of the construction of the floor. It does not definitely appear why it became necessary to have this slope in the floor, but the inference is that it was due to the slight difference in the floor level at that point in the store. It also appears that this condition of the floor had been present for some years and that many hundreds of customers pass over the incline daily. It also appears that no other customer had fallen on the floor, or had the manner of its construction resulted in the injury of any other customers using the floor.

It also appears that the column in the building, when the ceiling light is burning, casts a shadow across this slight slope in the floor which is covered with a dark green linoleum. It also appears that there was an empty light socket on the column at the time of the accident. It does not appear how long that the socket on the column had been empty and without a light bulb. It does not appear that the defendant had any actual knowledge of the socket on the column not having a burning bulb. Nor does it appear that the socket had been without a bulb for any length of time.

Under these facts it is the contention of appellants that there were questions of fact tending to show actionable negligence upon the part of the defendant so as to entitle plaintiffs to have the issues submitted to the jury. It being the contention of plaintiffs that the defendant was negligent in so constructing the floor in the north aisle-way of this building so that the level of the floor was lowered approximately three or four inches on an incline of about three feet long; and that such condition was dangerous and defective and not built in a workmanlike manner; that the defendant knew or should have known of this defective and dangerous condition of the floor. It is further contended that the defendant was guilty of negligence in that it failed to warn plaintiff and other customers of the dangerous condition of the floor by means of signs or lights or otherwise. The plaintiff further contends that defendant was guilty of negligence in covering the floor at this particular point with dark green and slick linoleum which disguised the slope or incline in the floor so that it could not be readily seen. Plaintiff further contends that the defendant was negligent, in that it negligently placed a ceiling light so that the shadow of the column immediately south of the slope in the floor was cast directly across the slope so that it could

not be seen from the east toward the west, as Mrs. Dolan was walking at the time of the accident.

The declaration does not definitely aver exactly how or why Mrs. Dolan happened to fall at the particular point, but simply avers that she did fall at that point, and because of the way and manner in which the incline or slope in the floor was built, and because of the ceiling light causing the shadow of the column to fall across the floor at that particular point.

The defendant filed its plea of the general issue of not guilty, and in response to the order of the court made its defenses to the action specific. By its pleas specifically stated, it denied that the floor was defectively constructed, or that the slight incline or slope of the floor at the particular point was in any way dangerous or so constructed as to cause a person exercising reasonable care to slip or fall because of the slight incline in the floor. It denied that the ceiling light was negligently placed in the ceiling so as to cause the shadow of the column to fall across any defective flooring and specifically denied any negligence whatever.

By its plea it also denied that plaintiff received the injuries complained of, and denied that plaintiff fell.

However, as above stated, the proof introduced by plaintiffs showed the facts with respect to the floor construction; the floor covering, the ceiling light, the column, the shadow of the column and also the empty light socket on the column, and that Mrs. Dolan had ascended to the second floor as a customer and was walking down this aisle in the store when she fell at the point where the incline or slope in the floor began, and that there was a shadow across the floor at that point. There was no stepoff at the point, but it was a slope of about three or three and a half inches in the space of about three feet, where the floor again became level.

In considering defendant's motion for peremptory instructions, that view of the evidence most favorable to plaintiffs' case must be taken by the court, and, if there is any reasonable doubt as to the conclusion to be drawn from the whole evidence, the motion should be denied. Walton & Co. v. Burchel, 121 Tenn., 715, 723, 121 S. W., 391, 130 Am. St. Rep., 788; Tennessee Cent. Railroad Co. v. Morgan, 132 Tenn., 1, 175 S. W., 1148; Wildman Mfg. Co. v. Davenport Hosiery, 147 Tenn., 551, 556, 249 S. W. 984.

The rule is that the proprietor of a store or other place of business open to the public, and where the public is invited to enter the premises, is required to keep the premises in a reasonably safe condition for all persons who may lawfully be in the store. As to whether or not the required care has been exercised is generally a question of fact for the jury. City of Nashville v. Fox, 6 Tenn. App., 653; Union Bus Terminal v. Mennen, 14 Tenn. App., 551.

On the other hand, where there is no proof of actionable

negligence, or where all the elements necessary to make out a prima facie case of actionable negligence are lacking, there is nothing for the jury to find, it resolves itself into a question of law for the court and not a question of fact for the jury. Tyrus v. Railroad Co., 114 Tenn., 579, 86 S. W., 1074; Knoxville Traction Co. v. Brown, 115 Tenn., 323, 89 S. W., 319.

We think it also well settled that a storekeeper is not an insurer of the safety of customers, but owes to a customer or other invitee the duty of exercising ordinary and reasonable care for the safety of its customers while in the building. Moody v. Gulf Refining Co., 142 Tenn., 280, 218 S. W., 817, 8 A. L. R., 1243; Tennessee Central Ry. Co. v. Schutt, 2 Tenn. App., 514; and cases cited.

There is also authority to the effect that where a structure has been in daily use for a long period of time and there is no proof that any accident had occurred there before, and that the owner or operator of the premises could not reasonably anticipate danger arising from its use, no recovery could be had. Tryon v. Chalmers, 205 App. Div., 816, 200 N. Y. S., 362; Main v. Lehman, 294 Mo. 579, 243 S. W., 91; Burnham v. Lincoln, 225 Mass., 408, 114 N. E., 715; Haleem v. Gold, Sup., 164 N. Y. S., 119; and Mullen v. Sensenbrenner (Mo. Sup.), 260 S. W., 982, 33 A. L. R., 176.

It was held in Haddon v. Snellenburg, 293 Pa., 333, 143 A., 8:

"It is not negligence per se or negligent construction in a store or other public place to have one floor at a lower level by a few inches than another."

In the case of Ware v. Evangelical Society, 181 Mass., 285, 63 N. E., 885, it was held that the construction of the floor of a room in an office building four and seven-eighths inches above the floor of the hallway was not of itself negligent or defective.

We are of the opinion that the mere fact that in the construction of the floor there existed an incline of about three and one-half inches for a distance of about three feet so as to connect the floor levels in the store, standing alone, was not negligent construction of the floor per se; that in order to connect the floor levels on the north and the south end of the second floor of the building a slight incline was safer than to have placed a step from one floor level to the other. We are further of the opinion that the fact that this slight incline was covered with a green linoleum was not of itself an act of negligence, in the sense that the operator of the store could reasonably anticipate that such floor covering would create a dangerous condition.

We are further of the opinion that the fact that numerous customers had been using this floor for a considerable period of time and passing over this same incline without any injury resulting, or any accident, prior to the present case, was evidence that there was not such a defective condition as to warrant a conclusion of negligent

construction in the floor at this particular point, and that it would not of itself warrant the conclusion or an inference that the defendant was guilty of negligence, or lack of caution and not in the exercise of reasonable care and prudence in so constructing and maintaining the floor at the time of the alleged accident.

█ This brings us to a consideration of the other facts and circumstances relied upon by appellants in support of the contention that the defendant did not maintain the building in a reasonably safe condition. The evidence is without conflict that the ceiling light caused the shadow of the column to fall across this slight incline. Could it be said that this would warrant a reasonable conclusion that maintaining the ceiling light and column so as to cause the shadow of the column to fall across this incline was negligence upon the part of the defendant; or to state it differently, could reasonable minds disagree on the question as to whether the ceiling light causing the shadow of the column to fall across this slope or incline was calculated to cause a customer to fall because of the incline, where the shadow so concealed the incline that the customer could not be aware of the condition of the floor; and with the further proven fact that there was an empty light socket at the base of this column, taken in connection with the slope in the floor, and in connection with the further fact that the ceiling light caused a shadow of the column to fall across the slope, warrant a conclusion of negligence? If so, it presented a question of fact for the jury and not a question of law for the court.

For appellee the contention is made that there was no proof introduced by plaintiffs to show how long the socket had been empty, and in the absence of any proof of the actual knowledge of the defendant that the socket was empty, and that no light was burning in the socket at the time of the accident; and in the absence of any proof that the socket had been empty for such a length of time so as to imply notice to the defendant, that no recovery could be had on any theory of negligence.

We think that the fact that there was a light socket at the base of the column was of itself evidence that the defendant recognized that it was necessary to have the particular place lighted for the safety of customers or other persons using the aisle-way. While it is true there is no material evidence showing how long the light bulb had been out of the socket, or who had taken it out, or why it was out, the fact remains that there was no light bulb in the socket at the time of the accident. Employees of the defendant were on this floor and in and around the point where the accident occurred, and certainly an inference could be drawn that these employees knew that a light bulb was not burning at the base of the column.

If this slope in the floor, constructed and covered as it was, and the ceiling light causing the shadow of the column to fall across the

slope, was considered entirely safe by the defendant, then, the fact that the defendant installed an electric light socket at the base of the column, the only effect of which would be to afford light at that particular point, was evidently, in the absence of proof to the contrary, installed for the purpose of affording light at that particular point, and as above stated, would warrant the inference that the defendant considered that such a light was necessary to afford protection to its customers and others using the aisle-way where the accident occurred. To say the least of it, we think that reasonable minds could differ on the question, under all the facts and circumstances, that at the time of the accident this particular place was not maintained in a safe condition for the use of customers, and could base a conclusion of negligence in not having a light bulb in the socket at the base of the column.

We are of the opinion that the mere fact of the construction of the floor on this incline, of itself, would not warrant an inference of negligence. This may be said with respect to the floor covering of the aisle-way as well. However, when taken in connection with the location of the column and the effect of the ceiling light causing a shadow to fall across the incline, the failure to have the light burning at the base of the column, created a situation that would warrant the court in submitting the question of negligence to the jury. We think it was certainly sufficient to at least require the defendant to go forward with its proof.

It results that the assignments of error directed to the action of the court in granting defendant's motion for a directed verdict must be sustained and the judgment reversed, and the causes remanded to the Circuit Court of Shelby County for a new trial.

Appellee will pay the cost of this appeal.

Anderson, and Ketchum, JJ., concur.