Edward L. **MILLER,** Plaintiff-Appellee,

v.

**CHATTANOOGA AUTO PARTS, INC.,**
Defendant-Appellant.

No. 16191.

United States Court of Appeals
Sixth Circuit.

Sept. 15, 1965.

W. B. Luther, Chattanooga, Tenn., Cunningham, Crutchfield & Luther, Chattanooga, Tenn., on brief for appellant.

Joseph F. DiRisio, Chattanooga, Tenn., Kelley, DiRisio & Shattuck, Chattanooga, Tenn., on brief, for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and BOYD,* District Judge.

EDWARDS, Circuit Judge.

Defendant-Appellant appeals from a judgment for $10,000 entered in the United States District Court for the Eastern District of Tennessee, Southern Division, following a jury trial and verdict. Jurisdiction over this negligence action is founded on diversity of citizenship.

Plaintiff-Appellee in this case suffered the loss of an eye in an accident where defendant's agents, using a makeshift tool, were engaged in removing a bushing from an old crankshaft.

The old crankshaft belonged to plaintiff. He had bought a replacement for it from defendant. Defendant ordinarily stocked, but at the time did not have, the new crankshaft bushing which plaintiff needed.

After plaintiff had failed to get the bushing off the old crankshaft, one of defendant's employees, Ray, suggested over the telephone how to remove it. Plaintiff was still unsuccessful and he then brought the old crankshaft to defendant's place of business. Ray fitted a pilot shaft into the crankshaft bushing, which had been packed with gear grease. This method sought to force the grease under pressure under the bushing, thus driving the bushing out of its seat. Ray tried to remove the bushing with a hammer and failed, and then was called to the phone.

At that point another employee named Stein procured another pilot shaft and undertook to employ it as a hammer. He struck the shaft being used as a punch

---

* Marion S. Boyd, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation.

with the gear end of the second shaft. Defendant was holding his crankshaft upright with the punch in it. On the second blow a piece of metal penetrated plaintiff's eye, maiming it and necessitating its removal.

Physical exhibits in this case present ample evidence from which the jury could have concluded that the bit of metal (Exhibit 2) which penetrated plaintiff's eye had been fractured by the force of the second blow from the flange at the gear end of the pilot shaft (Exhibit 8) which Stein was using for a hammer.

We believe the jury could likewise have concluded that defendant's employee Stein's choice of such a tool for such a blow while plaintiff was in close proximity to the point of impact was negligence which was a proximate cause of plaintiff's injury.

On this appeal the only issue which presents difficulty is defendant-appellant's claim that if defendant is found guilty of proximate negligence, plaintiff by his knowing participation in the same events must be held to have been contributorily negligent or to have assumed the risk. Hence, defendant claims plaintiff is barred from recovery as a matter of law.

 Reviewing these questions, we review the facts from the point of view favorable to plaintiff, from which the jury obviously viewed them. Price v. Firestone Tire and Rubber Company, 321 F.2d 725 (C.A.6, 1963).

Under Tennessee law contributory negligence and assumption of risk are generally issues of fact for the jury. Knoxville, City of, v. Cox, 103 Tenn. 368, 53 S.W. 734 (1899); Schindler v. Southern Coach Lines, 188 Tenn. 169, 217 S.W. 2d 775 (1949); Chattanooga Gas Company v. Underwood, 38 Tenn.App. 142, 270 S.W.2d 652 (1954).

Defendant's agents had sold plaintiff a crankshaft. Defendant was in the auto parts business selling new and used parts. Plaintiff, as a customer, was an invitee on defendant's premises to whom defendant owed a duty of due care.

Defendant's agents recommended the method of removal of the bushing which was actually employed. Defendant's agent Stein chose the offending instrument. Defendant's agent Stein struck the offending blow.

Plaintiff had no prior experience with the job involved. He was unfamiliar with the tools chosen and could not have anticipated accurately the force defendant's employee intended to use. The jury could have concluded that defendant's employees, because of the business they were in, had or should have had knowledge and skill superior to plaintiff's concerning the job undertaken. Under these circumstances there were facts from which the jury could have found plaintiff's conduct in holding the crankshaft, the conduct of a reasonable man.

We find no reversible error.

Affirmed.