Willis HARDEN, Appellee,

v.

**CUMMINGS TRUCK LEASE, INC.,**
Appellant.

Court of Appeals of Tennessee,
Western Section.

Dec. 1, 1972.

Certiorari Denied by Supreme Court
May 7, 1973.

Paul Campbell, Jr., Chattanooga, for appellant.

Jack R. Brown, Chattanooga, for appellee.

NEARN, Judge.

This is a "slip and fall" case.

The appeal is by the defendant from a jury verdict in favor of plaintiff in the amount of $5,500.00.

Briefly stated, the Declaration alleged that on August 28, 1970, the plaintiff Harden, while enjoying the status of an invitee on the defendant's premises and while exercising due regard for his own safety, fell into an open unguarded, unlighted grease pit in the nighttime, thereby suffering serious and permanent injury.

In substance, the answer denied any negligence on the part of the defendant Cummings; denied that plaintiff was an invitee and alleged that plaintiff had been on defendant's premises on many occasions; was well aware of the location of the grease pit and its construction and that plaintiff's negligence was the proximate cause of the injuries sustained.

Eight Assignments of Error have been made to this Court. In appellant's Brief it is admitted that three of the Assignments are not well taken and therefore are not argued. (We appreciate appellant's honesty.) Of the remaining five Assignments,

one is addressed to the charge of the Court and the balance raise the single issue of whether the Trial Judge erred in submitting the case to the jury by refusing to grant defendant's motion for a directed verdict seasonably made.

The principal issue raised by this appeal is the question of plaintiff's contributory negligence and the real meat of appellant's argument is, that as a matter of law, under the facts of the case, the plaintiff is guilty of proximate contributory negligence which bars recovery. Therefore, we will first consider the question of contributory negligence and we will, as we are bound to do in such matters, review the proof in the light most favorable to the plaintiff in order to determine if, as a matter of law, plaintiff was guilty of proximate contributory negligence.

Without dispute the proof shows that plaintiff was employed by Curt Winfrey, Inc. Plaintiff's employer was in the business of leasing truck drivers. Winfrey leased truck drivers to U. S. Pipe, among others. U. S. Pipe leased the tractor portion of a truck rig from Cummings and the driver from Winfrey. At about four o'clock in the morning of August 28, 1970, plaintiff went to the Cummings premises to obtain his tractor to go out on a trip for U. S. Pipe. Plaintiff was unable to locate the tractor on the lot, so he entered the unlighted garage to look for it. The garage consists of five bays, in one of which is located a recessed grease pit designed so that a mechanic could work underneath a tractor. There was only one man on duty at Cummings that night. He was fueling another truck some distance away from the garage when plaintiff arrived.

For the purposes of review we consider the plaintiff to be an invitee.

As to the circumstances of the injury plaintiff testified as follows:

"Q. Now was it necessary from time to time for you to go to the company truck leasing place in order for you to get your truck?

A. Yes, sir.

Q. Or your tractor unit? Where did you pick up the trailer units?

A. Up at U. S. Pipe.

Q. They were already loaded for you up there, is that correct?

A. Yes.

Q. And you would go to Cummings Truck Lease to get the tractor unit?

A. Yes.

Q. Now was it sometimes necessary for you to go over there both day and night?

A. Yes, sir.

Q. Had you been over there on several occasions?

A. Yes, sir.

\* \* \* \* \* \*

Q. Now on other occasions, had it been necessary for you to go in this building at night in order to find the tractor unit that you were going to drive?

A. Yes, sir, I had to find the tractor unit.

Q. Now on these occasions, were the lights on this building?

A. Yes, sir.

Q. On the night this occurred, were the lights on or off?

A. They were off.

\* \* \* \* \* \*

Q. All right, go ahead and tell us what happened.

A. Well, I was checking them as I went down through there, and with no lights on, I couldn't see, you know, where you were walking, and I just walked off in this grease pit five and a half foot deep or something. I don't know what it was.

\* \* \* \* \* \*

Q. Now this pit out there that you fell in, would you describe that to us in a little more detail?

A. Well, it's in a bay where you drive the truck over to grease it, change oil, lubricate it, and it has a hole down there. I am not sure how wide it is, but it's big enough for a person to get down in, and I would estimate between five, five and a half foot deep, and they pulled the truck completely over so they could get under it.

Q. Now were there any guard rails or any type of protection around this hole to keep people from walking in it?

A. No, sir.

Q. At any time was there ever any protection at all?

A. Well, I don't remember of any.

\*  \*  \*  \*  \*  \*

Q. Was there any warning light or any cover that went with this pit, so far as you know?

A. No.

Q. Was there a truck over the pit on the night that you fell in it, partially over it?

A. I am not really sure about that, but I know there wasn't on the part that I was going through.

\*  \*  \*  \*  \*  \*

Q. All right, sir. Now did you know that this hole was in this place, this pit?

A. Yes, sir.

Q. You knew it was there? Did you remember that it was there on the night that you fell?

A. No, sir. I was interested in finding my truck to leave out, and I was just unconscious about the hole being there.

Q. As you walked around there that night, were you conscious of the hole being there? Had you forgotten about it?

A. I had forgotten about the hole being there."

On cross-examination, plaintiff testified as follows:

"Q. You realized that the building was dark, did you not?

A. Yes, sir.

Q. You realize that you couldn't see to walk in, didn't you?

A. Yes, sir.

Q. And you knew perfectly well that that recessed area or pit, as you call it, it was there, did you not, sir?

A. Yes, sir.

Q. Had seen it hundreds of times, hadn't you?

A. Yes, sir.

Q. And you knew very well that this recessed area was there?

A. Yes, sir.

Q. And at that time also, Mr. Harden, you said you were completely familiar with the premises, didn't you?

A. Yes, sir.

\*  \*  \*  \*  \*  \*

Q. And the only thing you are telling the jury is that on this night you forgot about it?

A. Yes, sir.

Q. And that because you forgot about it, you didn't take any precautions and just walked into it?

A. Yes, sir. I couldn't see it with no lights.

Q. But the real reason was that you just forgot about it being there?

A. Yes, sir."

There being no witnesses to the actual fall of the plaintiff, the foregoing constitutes all the material proof in regard to the manner of the accident.

We are of the opinion that the outcome of this case is governed by the prior holding of the Court of Appeals in the case of Park v. Sinclair Refining Co. (1940 E.S.) 24 Tenn.App. 204, 142 S.W.2d 321. In that case, under facts remarkably similar to the instant case, it was held that the Trial Judge correctly sustained the motion for a directed verdict made at the conclusion of the plaintiff's proof and that it would have been error to do otherwise. The salient facts of the Park case are that Mr. Park was fatally injured when he walked into an unguarded, unlighted open grease pit in the nighttime; but that Park knew of and was familiar with the location of the open grease pit having traveled past it on numerous occasions on the way from his office to the restaurant where he was headed on the fatal night along the customary route. The Court quoted from the case of Ill. Cent. R. Co. v. Nichols (1938) 173 Tenn. 602, 118 S.W.2d 213, as follows:

" . . . Liability is established when it is shown that the peril, being of the defendant's creation, was known to the defendant, *but not to the person injured; and no liability is predicable of the injury when it appears that the injured person's knowledge of the danger surpassed or equaled that of the defendant.*" (emphasis ours)

The Court went on to say that "this rule applies with full rigor when the injured person enters into a dark place known by him to be dangerous." We are unable to distinguish the undisputed facts of the instant case from the undisputed facts of the Park case.

Counsel for appellee principally relies upon the case of Hellon v. Trotwood Apartments, Inc. (1970 M.S.) Tenn.App., 460 S.W.2d 372, and Knoxville v. Cox (1899) 103 Tenn. 368, 53 S.W. 734, to support the action of the Trial Judge in permitting the instant case to go to the jury.

Hellon v. Trotwood Apartments, supra, was a slip and fall case which was permitted to go to the jury by the Trial Judge and on appeal no error was found in the Trial Judge's action. There are some striking factual distinctions between the Hellon case and the instant case. Plaintiff was attempting to get to his apartment by the common walkway and had to step in a stream of water which was crossing the walkway. He did so in the safest manner he knew but he had no knowledge of a "thin skim" of mud under the water which caused him to slip and fall. Furthermore, the proof showed that the walks were periodically cleaned and *plaintiff had no knowledge that the walks were dangerously slick.* Also, the dangerous condition could not exist at all times; only when it rained. Judge Todd, speaking for the Court observed "If the mud had been on the sidewalk for some days and plaintiff had known of its slippery nature, *the situation might be different but such is not shown to be the case.*" An open grease pit is not something that appears or disappears with the weather. Its existence, location and danger were known to plaintiff in the instant case prior to his fall as shown by plaintiff's testimony.

In discussing the law applicable to the Hellon case, supra, Judge Todd adequately concatenated the various holdings of the Courts in regard to contributory negligence in slip and fall cases when he observed:

" . . . it is not every case in which knowledge of danger conclusively imputes contributory negligence to the plaintiff; and contributory negligence, if imputed, *may be proximate or remote.* Where the danger is one which might be readily avoided by stepping around it (Manes v. Hines), (Collins v. A & P), (Standard Knitting Mills v. Hickman), or by special attention to details in dim light (Campbell v. Francis), or in like situations, *it is the failure of the plaintiff to utilize his opportunity to avoid the known danger,* and not merely the knowledge of danger, which forms the contributory negligence which may bar his recovery." (emphasis ours)

In the instant case, plaintiff had prior knowledge of the danger without a doubt; the plaintiff made no inquiry of the man on duty where the truck was located (as it turned out the truck was not even on the premises); plaintiff entered a darkened workshop type building without asking anyone to turn on the lights or attempting to turn them on for himself. He did not so much as strike a match to see where he was going. In our opinion this is an admitted failure to utilize the opportunity to avoid the danger coupled with the knowledge of the danger which constitutes the proximate contributory negligence spoken of by Judge Todd which bars recovery.

Counsel for appellee relies upon the following statement found in Knoxville v. Cox, supra; where the Court in discussing what was known as the Beech rule to the effect that momentary forgetfulness will not absolve contributory negligence, stated:

"If this (the rule) is to be understood as announcing the proposition that prior knowledge of a defect, was momentary forgetfulness of its existence, resulting in an injury, constitute contributory negligence which will bar recovery, then we are not prepared to accept it."

However, that statement in the Knoxville v. Cox case was explained by the Court in the later case of Mayor and Aldermen v. Cain (1913) 128 Tenn. 250, 159 S.W. 1084, to mean that momentary forgetfulness induced by some reasonable distraction is the type of momentary forgetfulness that will not bar recovery. In such case a jury must judge the adequacy and reasonableness of such distraction. (That is one of the type situation referred to by Judge Todd in the Hellon case when he stated that plaintiff's opportunity to avoid the danger must also be considered.) In the instant case no distraction is claimed, unless it be the fact of searching for a truck in a darkened garage. Darkness has been held to be an admonition of danger. See Park v. Sinclair Refining Co., supra. This being true, we are unable to perceive how that admonition of danger can be considered to be a distraction from the danger of falling in a dark pit.

For the reasons stated, we are of the opinion that it was reversible error to fail to sustain the motion for a directed verdict for the defendant seasonably made.

We do not reach the question of the Court's charge to the jury.

It results that the judgment below is reversed and the case will stand dismissed, with costs below and of appeal adjudged against appellant.

Decree accordingly.

CARNEY, P. J., and MATHERNE, J., concur.