875 F.2d 863
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Merry A. CRISWELL and Archie Criswell, Plaintiffs-Appellees,
v.
PO FOLKS, INC. Defendant-Appellant.
 No. 88-6053.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1989.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Po Folks, Inc. ("Po Folks") appeals from a judgment in favor of plaintiffs-appellees Merry and Archie Criswell in this diversity personal injury action. For the reasons that follow, we affirm.
 
 I.
 
 2
 On October 7, 1983, the plaintiffs filed this action in the district court seeking relief for injuries sustained as a result of defendant's alleged negligence. Mrs. Criswell alleges that she fell in the parking lot of defendant's restaurant as a result of its negligence in failing to adequately light and properly maintain the area. Following discovery, defendant filed a motion for summary judgment on July 8, 1985.
 
 
 3
 Concluding that genuine issues of material fact existed on the issues of contributory negligence and assumption of risk, the district court entered an order denying summary judgment on January 10, 1986. On September 10, 1986, the defendant filed a motion for reconsideration of the denial of the original motion for summary judgment in light of a recent unpublished opinion of the Tennessee Court of Appeals. The district court entered an order denying defendant's motion for reconsideration on November 17, 1986.
 
 
 4
 This action was tried before a jury on May 9 and May 10, 1988. After the close of the plaintiffs' proof, the defendant made a motion for a directed verdict which was denied. At the close of all proof, the district court again denied defendant's motion for a directed verdict. The district court also refused to accept several of defendant's proposed jury instructions. The case was then submitted to the jury and following deliberations, it returned a verdict in favor of the plaintiffs in the amount of $125,000.00.
 
 
 5
 On May 18, 1988, the defendant filed a motion for a new trial or, in the alternative, for judgment notwithstanding the verdict ("JNOV"). The motion was overruled by the district court on August 11, 1988. This timely appeal followed.
 
 
 6
 Defendant owns and operates a restaurant in Jackson, Tennessee, under the name "Po Folks." The restaurant is operated on leased premises, including a parking area. On November 16, 1982, the plaintiffs were patrons of the restaurant. They drove into the parking lot maintained by the defendant and parked during daylight hours. After Mrs. Criswell had finished her evening meal, it was dark. As she attempted to walk to her car, she was seriously injured when she tripped and fell over a railroad cross-tie located in front of her vehicle as a stop. Plaintiffs allege that Po Folks was negligent because the cross-tie was placed in a position hazardous to patrons using the parking lot in that it was similar in color to the surface of the parking area, and the area was inadequately lighted.
 
 
 7
 In her pretrial deposition and at trial, Mrs. Criswell testified regarding her awareness of the condition of the parking lot and the presence of the cross-tie. She candidly admitted, both in her deposition and at trial, that she saw the cross-tie when she went into the restaurant and remembered it when she exited to go to her car. She acknowledged that she knew the railroad cross-tie was wider than her car and that it was dark brown on asphalt. She further testified that she remembered the cross-tie and that she thought about it prior to stepping into the dark area.
 
 
 8
 However, she testified that it would have been equally dangerous to have chosen another route by walking "out and around" the back of her car because it was just as dark in that area of the parking lot. She testified that there were several cars she would have been required to walk around to get to her car, and that the area was just as dark where those cars were parked.
 
 
 9
 The issues before this court on appeal are (1) whether the district court erred in refusing to grant judgment for the defendant as a matter of law; (2) whether the district court erred in failing to admit testimony regarding lack of previous occurrences; and (3) whether the district court erred in failing to give the defendant's requested jury instructions.
 
 II.
 A.
 
 10
 When an appeal involves a motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure, this court follows the general rule that summary judgment in federal court in diversity cases is proper only where the federal standard is justified. See Ralph Shrader, Inc. v. Diamond Intern. Corp., 833 F.2d 1210, 1213 (6th Cir.1987). Under the Federal Rules of Civil Procedure, summary judgment should be entered only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 11
 Po Folks contends that the district court erred in failing to grant summary judgment under either of the doctrines of assumption of risk or contributory negligence. In Tennessee, each is ordinarily a complete bar to a plaintiff's recovery. See McElroy v. Boise Cascade Corp., 632 S.W.2d 127, 136 (Tenn.Ct.App.1982); Ellithorpe v. Ford Motor Co., 503 S.W.2d 516, 522 (Tenn.1973). However, there is a general presumption under Tennessee law that "[c]ontributory negligence and assumption of risk are generally issues of fact for the jury." Hood v. Waldrum, 58 Tenn.App. 512, ----, 434 S.W.2d 94, 98 (1968).
 
 
 12
 In this case, we are of the view that the district court properly submitted the questions of contributory negligence and assumption of the risk to the jury. A review of the record shows that there are several material issues of fact that precluded the entry of summary judgment. For example, there was a question as to whether or not a reasonably prudent person, knowing what the plaintiff knew, would have proceeded to her car under the circumstances. Moreover, there is a question as to whether any negligence on behalf of the plaintiff was the proximate cause of her injuries. While a jury could conclude that Mrs. Criswell was negligent in stepping into the dark area, they could also conclude that her injury was caused not by her negligence, but by the inadequate lighting provided by the defendant. See Arnold v. Hayslett, 655 S.W.2d 941, 945 (Tenn.1983) (Remote contributory negligence is that negligence "which is too far removed as to time or place or causative force, to be a direct or proximate cause of the accident."). Finally, the record indicates that this case also presented a material question of fact with regard to whether or not Mrs. Criswell could reasonably have appreciated the gravity of the danger and then voluntarily exposed herself to it in light of the testimony that there was no reasonable alternative path to her vehicle. See Hellon v. Trotwood Apartments, Inc., 62 Tenn.App. 203, ---, 460 S.W.2d 372, 375 (1970) (When "plaintiff is put to the decision of whether he will take the inevitable risk of proceeding through the danger or will abandon his intended course and destination altogether, ... the question of whether the plaintiff undertook a greater risk than an ordinary prudent person would take under the circumstances is usually for the jury."). Accordingly, the district court did not err in submitting this case to the jury.
 
 B.
 
 13
 Unlike a motion for summary judgment pursuant to Rule 56, this court adheres to the minority position that state law governs the disposition of motions for JNOV or directed verdict in diversity cases. See Fitzgerald v. Great Cent. Ins. Co., 842 F.2d 157, 159 (6th Cir.1988). In Tennessee, in ruling on a motion for JNOV, every inference reasonably to be drawn from the evidence must be resolved in favor of the prevailing party. See Mullins v. Seaboard Coastline Ry. Co., 517 S.W.2d 198, 201 (Tenn.Ct.App.1974). A court is required "to take the strongest legitimate view of all the evidence to uphold the verdict, to assume the truth of all that tends to support it, to discard all to the contrary, and to allow all reasonable inferences to sustain the verdict." Id. Appellate review of a denial of a directed verdict is identical. See Sauls v. Evans, 635 S.W.2d 377, 379 (Tenn.1982).
 
 
 14
 A review of the record shows that testimony at trial was virtually identical to that in the discovery depositions, and simply did not adduce any additional testimony or evidence regarding either contributory negligence or assumption of the risk. Accordingly, for the same reasons that the district court properly denied summary judgment, we hold that it properly denied the defendant's motions for directed verdict or JNOV.
 
 C.
 
 15
 The defendant also contends the district court erred in failing to allow its sole witness, James Hagey, the manager of the restaurant in question, to testify that prior to the report of plaintiff Mrs. Criswell's fall, he was unaware of any previous occurrences similar in any way to the one in which the plaintiff was involved. Hagey's testimony was submitted to the jury by way of his deposition. The defendant attempted to introduce the entire deposition, but the district court sustained an objection to the portion of the deposition wherein Hagey testified that he was unaware of any previous incidents involving the cross-ties in question and where he stated that he had no recollection of anyone else falling over a cross-tie or complaining regarding the cross-ties. The defendant contends that this testimony goes to the issue of knowledge and foreseeability, and, therefore, the district court erred in sustaining the objection.
 
 
 16
 "This court applies an abuse of discretion standard in reviewing decisions of a trial court on admission of evidence. In context of an evidentiary ruling, abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made." Schrand v. Federal Pac. Elec. Co., 851 F.2d 152, 156-57 (6th Cir.1988) (citations omitted). Moreover, even if this court concludes that the evidence was improperly excluded, it must consider whether the error was harmless. "That inquiry involves an assessment of the likelihood that the error affected the outcome of the case." Jordan v. Medley, 711 F.2d 211, 218 (D.C.Cir.1983).
 
 
 17
 The defendant relies on the holding in Dolan v. Bry Block Mercantile Co., 23 Tenn.App. 47, ---, 126 S.W.2d 376, 379 (1938), wherein the court held that where a structure has been in daily use for a long period of time and there is no proof any accident occurred there before, and where the occupier of the premises could not reasonably anticipate danger arising from its use, a plaintiff who is injured as a result of an accident on such premises is not allowed to recover absent further facts and circumstances. The defendant contends, therefore, that it was relevant in this case as to whether or not prior accidents have occurred.
 
 
 18
 However, we are of the view that admission of the testimony was properly denied because the defendant failed to establish a sufficient foundation. While Tennessee law does not require proof of exact identity of conditions, there must be proof that conditions are substantially the same in order to admit testimony of similar facts or transactions, or lack of a prior accident. See Powers v. J.B. Michael & Co., 329 F.2d 674, 677 (6th Cir.), cert. denied, 377 U.S. 980 (1964). In the deposition testimony attempted to be introduced, there is no testimony as to the amount of time the cross-tie had been in existence, the number of people that had traversed the area, or any testimony establishing similarity of condition. Moreover, Hagey's testimony was vague at best. He testified that to his knowledge, no one had tripped or fallen over the cross-tie, but that someone could have fallen over the cross-tie and not reported it. Therefore, we cannot hold that the district court erred in excluding it, or, if the ruling was erroneous, that it was other than harmless.
 
 D.
 
 19
 The defendant's final contention is that the district court erred in failing to charge certain enumerated special jury instructions it submitted. In evaluating the adequacy of jury instructions, we consider them not individually but taken as a whole. Blackwell v. Sun Elec. Corp., 696 F.2d 1176, 1181 (6th Cir.1983). A party "cannot complain about specific wording of instructions if they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its determination." Id. After reviewing the instructions as a whole, we cannot hold that they fail to correctly or fully charge the law.
 
 
 20
 Moreover, a review of the defendant's requested instructions indicates that most of them are repetitious in subject matter. The district court noted in its denial of a new trial that many of the defendant's requested instructions were mere paraphrases from certain cases taken out of context which were either inappropriate under the factual circumstances of this case, misleading, or erroneous based upon the issues. After examining the instructions, we cannot disagree.
 
 III.
 
 21
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 22
 DAVID A. NELSON, Circuit Judge, dissenting.
 
 
 23
 This is a classic "step-in-the-dark" case. Numerous examples of this genus are collected in Park v. Sinclair Refining Co., 24 Tenn.App. 204, 142 S.W.2d 321, 324-25 (1940).
 
 
 24
 The plaintiff in the case at bar knew that the area she would have to traverse in getting from the restaurant to her car was not properly illuminated. She knew that she would have to step over a cross-tie in order to get to her car safely. She knew that she could ask for a flashlight or could have her son-in-law turn on the car lights for her, but she made no effort to obtain any form of illumination. Instead, without having had her attention to the known danger distracted in any way, she stepped into the dark, tripped over the cross-tie, and injured herself. There being no factual dispute as to any of these matters, I am at something of a loss to understand what there was for the jury to decide.
 
 
 25
 The jury could undoubtedly have found that the defendant's failure to provide adequate lighting was negligence and was a proximate cause of the accident. Tennessee, however, still follows the rule that recovery is barred, notwithstanding the defendant's negligence, where the plaintiff has also been negligent, and the plaintiff's own negligence was also a proximate cause of the injury. In all of the Tennessee step-in-the-dark cases that I have seen, conduct comparable to the plaintiff's has been held to bar recovery as a matter of law. Mayor and Aldermen of Knoxville v. Cain, 128 Tenn. 250, 159 S.W. 1084 (1913); Loew's Nashville & Knoxville Corp. v. Durrett, 79 S.W.2d 598 (Tenn.App.1935); Park v. Sinclair Refining Co., 124 S.W.2d 321, supra; Harden v. Cummings Truck Lease, Inc., 494 S.W.2d 512 (Tenn.App.1972).
 
 
 26
 Hellon v. Trotwood Apartments, Inc., 460 S.W.2d 372 (Tenn.App.1970), was not a step-in-the-dark case, and I believe it is readily distinguishable here on the same basis as that on which it was distinguished by the court in Harden v. Cummings Truck Lease, Inc. The plaintiff in Hellon had no knowledge that the walkway on which she slipped was dangerously slick. The plaintiff in Harden, by contrast, knew that there was a grease pit on the darkened premises where he was walking, just as the plaintiff in the instant case knew there was a cross-tie on the darkened premises where she was walking. "If it was dark," the Tennessee courts hold, "she should not have entered." Rhodes v. J.R. Watkins Co., 16 Tenn.App. 167, 65 S.W.2d 1100 (1932), as quoted in Campbell v. Hoffman, 371 S.W.2d 174, 181 (Tenn.App.1963). Knowledge of the danger, coupled with failure to ask for light, constitutes proximate contributory negligence entitling the defendant to a directed verdict. Harden v. Cummings Truck Lease, Inc., 494 S.W.2d at 516.
 
 
 27
 If a jury question was presented here as to the reasonableness of the plaintiff's decision to try to get past the cross-tie without requesting illumination, or as to whether her negligence was a proximate cause of her injury, or as to whether the absence of an alternative path excused the plaintiff from asking for light, I take it that the question of contributory negligence would always be a question for the jury in Tennessee. That has not been the law for many decades, as I understand it, see Mayor and Aldermen of Knoxville v. Cain, at least where the person electing to risk the step in the dark "was not a child, or a mentally infirm person, but an intelligent woman of mature years...." Loew's v. Durrett, 79 S.W.2d at 606.
 
 
 28
 I think the defendant in this case was entitled to judgment as a matter of law. My colleagues having seen the matter differently, I respectfully dissent.